TREASURER OF PUERTO RICO, Plaintiff and Appellee, *v*. BANCO COMERCIAL DE PUERTO RICO, Defendant and Appellee, and ENRIQUE HERNÁNDEZ ACOSTA, Claimant and Appellant.

No. 6206.    Argued January 26, 1934.—Decided February 9, 1934.

*José Carbia Miranda* for appellant.  *José Ramírez Santibáñez* and *R. Ramírez Santibáñez* for appellee bank.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant herein petitioned the District Court of San Juan for an order directing the receiver of the Banco Comercial de Puerto Rico to pay to him a certain sum of money, and as that petition was denied, he took the present appeal.

The hurricane that struck this island on the night of September 10, 1931, damaged the building, the San Juan Stadium, owned by the Porto Rico Boxing Corporation and which was under the care of the appellant, the vice president of said corporation. Said building was mortgaged to the Banco Comercial de Puerto Rico and at that time carried hurricane insurance, the premium of which was paid by the bank that held the policy. The appellant immediately made repairs to the building, with the consent of the manager of the bank, according to the appellant, but this was denied by the said manager. The cost of those repairs was $749.52, and after they were made, the Porto Rico Boxing Corporation gave some public exhibitions in said building. The insurance company paid to the bank the amount of the repairs, and as the bank had been afterwards placed in receivership, the appellant moved that the receiver of the bank be ordered to pay the said sum, which motion was denied by the court.

The theory of the appellant, according to the only ground urged in support of his appeal, is that he is entitled to recover from the bank the amount invested in the repairs that he, as *negotiorum gestor,* made to the building, inasmuch as he made them for the benefit of the creditor bank, and that the payment for repairs which was made to the bank by the insurance company was improper.

The quasi contract of *negotiorum gestio,* which is recognized and regulated by our Civil Code in its sections 1789–1795, may arise where a person voluntarily assumes an agency or the management of the property of another, without authorization from the latter, and the owner who avails himself of the advantages of such management is liable for the obligations contracted for his benefit; but as in the instant case the said building did not belong to the bank but to the corporation of which the appellant was vice president, it cannot be held that the repairs made by him were for the benefit of the bank and that the latter should·pay for them, since

·it was not the owner of the building. The fact that said building was mortgaged to the bank does not convert the act of the appellant into the act of a *gestor* for the benefit of said creditor, as the latter was not the owner of the building, but only a mortgage creditor.

Regarding the claim that the insurance company improperly paid to the bank the costs of the repairs, that is a question which concerns these two entities, but such fact does not entitle the appellant to have the bank deliver to him that which, according to said appellant, the insurance company improperly paid to the bank.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila dissented.